IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MEGAN CAMBRIDGE,<br><br>           Plaintiff,<br><br>      v.<br><br>MILLARD REFRIGERATED SERVICES,<br>INC., and DOES 1-100,<br><br>           Defendants.<br>_____/ | No. C 12-1460 CW<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>TO TRANSFER |

   Defendant Millard Refrigerator Services, Inc. moves, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this personal injury case from the Northern District of California to the Southern District of Alabama, for the convenience of parties and witnesses and in the interests of justice.  Plaintiff Megan Cambridge opposes the motion.  The motion was taken under submission and decided on the papers.  Having considered the papers filed by the parties, the Court grants Defendant's motion to transfer.

BACKGROUND

   Defendant, a provider of refrigeration and distribution services, is incorporated in Georgia and has its principal place of business in Nebraska.  Defendant has two facilities in California, located in Manteca and Riverside, neither of which is in the Northern District of California.

Plaintiff, an environmental specialist, lives in Sacramento, California, which is located in the Eastern District of California. On August 23, 2010, Plaintiff was working on the British Petroleum spill cleanup in Theodore, Alabama, when she was exposed to ammonia from a plume which originated from Defendant's refrigeration facility, located in Theodore. Plaintiff alleges that she immediately began experiencing severe emotional distress, a sore throat, watery and burning eyes, burning in her lungs and esophagus and significant shortness of breath. She was taken by ambulance to a hospital emergency room and treated. She alleges that the ammonia exposure has caused and will continue to cause her emotional distress, pain, suffering, discomfort, shortness of breath, lost wages and medical expenses.[1]

On February 23, 2012, Plaintiff filed this complaint in San Francisco superior court alleging state law causes of action for negligence, negligence per se, strict liability for ultrahazardous activity and negligent infliction of emotional distress. On March 22, 2012, Defendant removed the action on the basis of diversity jurisdiction, and now moves to have it transferred to the Southern District of Alabama.

---

[1] Defendant objects to Plaintiff's description of her symptoms without the support of medical evidence. However, these are Plaintiff's allegations; the Court does not consider Plaintiff's medical condition in determining the outcome of this motion. Therefore, Defendant's objection is overruled.

2

LEGAL STANDARD

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion for transfer under § 1404(a) is addressed to the sound discretion of the trial court. That discretion requires "an individualized case by case consideration of convenience and fairness." DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005).

The party moving for a transfer under § 1404(a) bears the burden of showing that transfer is appropriate. Costco Wholesale Corp. v. Liberty Mutual Ins. Co., 472 F. Supp. 2d 1183, 1189 (S.D. Cal. 2007). An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. E & J Gallo Winery v. F.&P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process

3

to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Plaintiffs' choice of forum is generally given great weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); DeFazio, 406 F. Supp. 2d at 1088. "Transfer is inappropriate where it would merely shift rather than eliminate the inconvenience." Costco, 472 F. Supp. 2d. at 1195.

DISCUSSION

Neither Plaintiff nor Defendant contests that this action could have been brought in the Southern District of Alabama, but they vigorously contest which forum is most convenient for the parties and witnesses and which promotes the interests of justice.

I. Plaintiff's Choice of Forum and Convenience of the Parties

Defendant contends that Plaintiff's choice of the Northern District of California is an example of forum shopping because Plaintiff lives in the Eastern District of California, not in this district.[2] Because Plaintiff does not reside here, Defendant contends that her choice of forum should get no deference. Plaintiff responds that she filed this action in the San Francisco superior court in the belief that Defendant had a facility in San

---

[2] Defendant actually contends that Plaintiff did not "choose" the Northern District of California because she filed suit in San Francisco superior court and Defendant removed it to the Northern District of California. Defendant contends that Plaintiff improperly filed her action in San Francisco because neither she nor Defendant reside there and none of the events giving rise to her causes of action took place there. Because the Court transfers this matter to the Southern District of Alabama, Defendant's argument is moot.

4

1  Francisco.  She argues that she chose California as the venue for
2  her action and, under the "home turf" rule, her choice should be
3  accorded substantial weight.
4     Although a plaintiff's choice of forum is generally given
5  great weight, to discourage forum shopping, a non-resident
6  plaintiff's choice of venue is not given substantial deference.
7  Williams v. Bowman, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001).
8     Plaintiff's argument that she filed this action in San
9  Francisco in the mistaken belief that Defendant has a facility
10 there is disingenuous given the ease of researching a company's
11 geographic location on the internet.  In fact, as discussed below,
12 Plaintiff submits Defendant's website in support of her argument
13 that it is a large corporation with many resources.  Furthermore,
14 she does not explain why she did not file this action in
15 Sacramento, the county in which she resides.  Given the fact that
16 Plaintiff is not a resident of this forum, her choice is not
17 afforded substantial deference.
18    Plaintiff argues that litigating in Alabama would pose a
19 great inconvenience to her because she is a private individual,
20 with limited resources, who lives and works in Northern
21 California, with no connection to Alabama.  Thus, she argues that
22 it would be difficult and costly for her to litigate this action
23 2,000 miles away in Alabama.  She points out that, in contrast,

Defendant is a large corporation with facilities in California so that it can easily litigate here.[3]

Defendant does not dispute that Plaintiff is an individual with relatively little financial resources and that it is a large corporation with relatively vast resources. Thus, based on relative financial resources, Plaintiff would be greatly inconvenienced by litigating her lawsuit 2000 miles away in Alabama and Defendant would not be inconvenienced by litigating here. Therefore, the convenience of the parties weighs against transferring this action to Alabama.

II. Convenience of Witnesses

The convenience of witnesses is often the most important factor in deciding whether to transfer an action. Bunker v. Union Pacific Railroad Co., 2006 WL 193856, *2 (N.D. Cal.).

According to Plaintiff, because Defendant does not deny that ammonia was released from its Alabama facility, the focus of the litigation will be on the injuries that she sustained as a result her exposure to ammonia. Therefore, she argues, the witnesses in this case will be her doctors who are in California and her co-workers who were working with her in Alabama at the time she was

---

[3] Defendant objects to Plaintiff's statement that it is a "very large corporation" with "enormous" facilities and "extensive on-going operations" in California as not supported by any evidence. However, Plaintiff submits the declaration of Brian Paget who refers to Defendant's website, which describes Defendant as the second-largest refrigerated warehouse and distribution company in the United States and as serving all of North America through the operation of thirty-six regional facilities. This evidence is sufficient to establish that Defendant is a large corporation, with two of its facilities located in California. Therefore, Defendant's objection is overruled.

6

exposed to ammonia, but who live in California. She concludes that it would be a great inconvenience for these witnesses to fly to Alabama to testify at a trial.

Although Defendant acknowledges that its Alabama facility experienced an ammonia release, it points out that it does not concede liability for the release. Defendant argues that, before Plaintiff can reach the issue of her injuries and damages, she will have to prove that the release was caused by Defendant's wrongdoing. Defendant identifies many percipient witnesses with material testimony who are within the jurisdiction of the Southern District of Alabama, including Defendant's employees and employees of public agencies such as the United States Coast Guard based in Mobile County, the Mobile County Emergency Management Agency, the Alabama Department of Environmental Management based in Mobile County, the Mobile Fire Department and the Theodore Fire Department. Defendant indicates that the employees of these public agencies may provide testimony regarding the emergency response and investigation into the event. Defendant identifies medical personnel at local hospitals who may have knowledge about the health effects of the event. Defendant also identifies Marvin Byrum, Deputy Inspector with the State of Alabama Department of Labor, who may provide testimony regarding machinery inspections at Defendant's Theodore facility.

Defendant points out that most of the non-party witnesses with key testimony are subject to subpoena within the Southern District of Alabama, but are not subject to process in the Northern District of California. Defendant asserts that it, as

7

well as Plaintiff, would be severely prejudiced if they could not compel material witnesses to testify at trial.

It is clear that most, if not all, of the percipient witnesses whose testimony will be essential for the determination of Defendant's liability are located in Alabama, are subject to the subpoena power of the district court in the Southern District of Alabama and are not subject to subpoena in the Northern District of California.

Based on the foregoing, the factor of convenience of witnesses weighs heavily in favor of transfer to the Southern District of Alabama.

III. Ease of Access to Sources of Proof

In keeping with her theory that the extent of her injuries is the only issue that will be litigated, Plaintiff argues that her medical records, located in Sacramento, will be more readily accessible in this forum.  However, as Defendant correctly points out, immovable evidence such as Defendant's facility and the machinery within it are located in the Southern District of Alabama.  Therefore, this factor weighs in favor of transfer.

IV. Interests of the Forum

There is strong public interest in the local adjudication of local controversies.  In re Eastern Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 195 (E.D.N.Y. 1994).  The Northern District of California has minimal interest in litigating this action.  Neither of the parties resides in this district and none of the events giving rise to this litigation occurred here.  On the other hand, as shown by the declaration of Alexandra Ozols, the ammonia discharge was a significant event to the regulating

8

bodies that are responsible for worker safety and environmental protection in Alabama and, most likely, to the citizens of Alabama.  The Southern District of Alabama has a substantial interest in this event which took place within its jurisdiction, which was allegedly caused by one of its residents, and which could cause harm to its residents.

For all these reasons, this factor weighs heavily in favor of transfer.

V. Remaining Factors

Plaintiff argues that, because her claims are based on California state law, this forum in more familiar with the law that will govern this case.  Defendant argues that it has raised a choice of law affirmative defense in its Answer and that issue has not yet been decided.  Defendant points out that, even though Plaintiff is a citizen of California, the events giving rise to the lawsuit occurred in Alabama and, therefore, it is arguable that Alabama law could apply.  However, because Defendant bears the burden of establishing that transfer is appropriate, the Court will assume, without deciding, that California law applies.  Therefore, this factor weighs against transfer.

Plaintiff argues that relative docket congestion weighs in favor of litigating in this forum because the median time from filing a complaint to disposition of civil cases for 2011 was 8.4 months in the Southern District of Alabama and only eight months in this district.  However, as pointed out by Defendant, during the twelve months ending on September 30, 2011, the time from filing a lawsuit to trial was 16.8 months in the Southern District of Alabama and 33.4 months in this district.  As of September 30,

9

2011, there were twenty-six civil cases over three years old in the Southern District of Alabama, whereas there were 516 cases over three years old in the Northern District of California.

These statistics show that, if a trial is unnecessary, a case may be resolved a few weeks faster in the Northern District of California; however, if a trial is necessary, resolution will take much longer in the Northern District of California. This factor weighs slightly in favor of transfer.

Without citing authority, Plaintiff argues that the timing of Defendant's motion to transfer weighs in favor of litigating the action in California because Defendant filed its motion two weeks after it filed its answer. This argument is without merit. Defendant filed its motion to transfer only three weeks after it removed the case from state court and the case is in the earliest stages. No discovery has taken place and no case management conference has been held. The timing of the motion to transfer does not support keeping the litigation in this district.

Finally, Defendant points out that transfer would further judicial economy because there are two other actions arising from the same events that have been filed in the Southern District of Alabama.

## VI. Balancing of Factors

Only Plaintiff's convenience and the familiarity of this district with California law weigh against transfer. As noted above, Plaintiff's choice of forum merits no deference. The convenience of witnesses, the availability of compulsory process to compel attendance of unwilling non-party witnesses, the ease of access to sources of proof, the interests of the forum and

10

judicial economy all weigh in favor of transfer. Weighing significantly in favor of transfer is the fact that neither party has any relevant contact with this district and none of the events giving rise to Plaintiff's causes of action occurred here.

For these reasons, the material factors weigh in favor of transferring this case to the Southern District of Alabama.

Plaintiff asks that, if the Court is inclined to transfer the case, the ruling be stayed to allow the parties to proceed with initial disclosures and discovery to determine how many witnesses from Alabama need to be deposed. The Court declines to stay ruling on this motion. As discussed above, many factors in addition to the convenience of the witnesses weigh in favor of transfer.

Plaintiff also requests that the Court condition transfer on Defendant's waiver of all applicable statutes of limitations. However, this is not necessary because the statute of limitations for this type of personal injury action in Alabama is two years, as it is in California. See Ala. Code, Title 6, § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); Cal. Civ. Pro. Code § 340.8 (two-year statute of limitations for action for injury based upon exposure to hazardous material or toxic substance). Finally, Plaintiff requests that the Court transfer this case to the Eastern District of California, where she resides. However, Plaintiff has not filed a noticed motion in support of transfer; a one sentence request at the end of her opposition is insufficient to put this issue before the Court.

11

CONCLUSION

For the foregoing reasons, Defendant's motion to transfer is granted.  The Court orders the instant case transferred to the United States District Court for the Southern District Alabama.

IT IS SO ORDERED.


Dated: 5/16/2012

CLAUDIA WILKEN
United States District Judge

12